DANIEL J. BRODERICK, Bar #89424
Federal Defender
CARO MARKS, Bar #159267
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
DALONO RANKINS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-S-08-258 EJG |
| Plaintiff, | |
| v. | STIPULATION AND ORDER TO CONTINUE BRIEFING SCHEDULE AND HEARING/STATUS CONFERENCE |
| DALONO RANKINS, | |
| Defendant. | Date: February 26, 2010<br>Time: 10:00 a.m.<br>Judge: Hon. Edward J. Garcia |

It is hereby stipulated between the parties, William S. Wong, Assistant United States Attorney, and Caro Marks, attorney for defendant Dalono Rankins, as follows:

The hearing date of November December 18, 2009, should be continued until February 26, 2010, and the motions schedule continued accordingly.

The parties submitted a briefing schedule for the filing of the motions. Thereafter, defense counsel began an investigation that required the return of documents and other information from several local agencies. In furtherance thereof, the defendant submitted Fed.R.Cr.P. 17(c) memos to the United States magistrate judge. The

magistrate judge did allow the issuance of subpoenas to certain agencies. However, through no fault of counsel, the magistrate judge declined to rule on one of the Rule 17(c) requests until the week of November 16, 2009, when the request was granted with some limitations. Defense counsel cannot submit motions to suppress statements and evidence on November 20, 2009, as previously stipulated and ordered, because defense counsel needs the information requested in the 17(c) memo to write the motions. Finally, in addition to gathering the information that is the subject of the defense subpoenas, the imminent holidays, counsels' leave schedules, and one upcoming trial in January (for defense counsel) make the filing of motions in this case impracticable if before the end of January. The parties agree the motions schedule is continued as follows:

| Old Schedule | **New Schedule** |
|---|---|
| Def.'s motion by 11/20/2009 | **Def.'s motion by 1/29/2010** |
| Govt.'s response by 12/4/2009 | **Govt.'s response by 2/12/2010** |
| Def.'s reply by 12/11/2009 | **Def.'s reply by 2/19/2010** |
| Hearing on 12/18/2009 | **Hearing on 2/26/2010** |

IT IS STIPULATED that the period from the date of this stipulation up to and including February 26, 2010, be excluded in computing the time within which trial must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B)(iv), to permit necessary preparation by defense counsel.

```
1  Dated: November 19, 2009            Respectfully submitted,
2                                      DANIEL BRODERICK
                                       Federal Defender
3
4                                      /s/ Caro Marks
                                       _____
5                                      CARO MARKS
                                       Assistant Federal Defender
6                                      Attorney for Defendant
                                       DALONO RANKINS
7
8  Dated: November 19, 2009            BENJAMIN WAGNER
                                       United States Attorney
9
10                                     /s/ William S. Wong
                                       _____
11                                     William S. Wong
                                       Assistant U.S. Attorney
12
```

**ORDER**

UPON GOOD CAUSE SHOWN and the stipulation of all parties, it is ordered that the hearing presently set for December 18, 2009, be continued to February 26, 2010, at 10:00 a.m. The motions schedule is continued as follows:

Defendant's motion to suppress evidence and statements shall be filed no later than January 29, 2010;

Government's response shall be filed no later than February 12, 2010;

Defendant's reply, if any, shall be filed no later than February 19, 2010; and

The hearing shall be continued to February 26, 2010.

Based on the representations of defense counsel and good cause appearing therefrom, the Court hereby finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise

of due diligence.  The Court finds that the ends of justice to be served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.  It is ordered that time from the date of this stipulation to and including the February 26, 2010 hearing/status conference shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B)(iv), to allow defense counsel time to prepare.

**IT IS SO ORDERED**.

DATED: November 20, 2009                /s/ Edward J. Garcia
                                        EDWARD J. GARCIA
                                        Senior United States District Judge

<<