UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DALANO RANKINS,<br><br>Defendant. | No.  2:08-cr-0258 WBS CKD P<br><br><br>FINDINGS & RECOMMENDATIONS |

Defendant is a federal prisoner proceeding pro se.  On June 18, 2010, defendant pled guilty in this court to violations of 21 U.S.C. § 841(a)(1) (possession of cocaine base with intent to distribute) and 18 U.S.C. § 924 (c)(1) (possession of a firearm during and in relation to a drug trafficking offense).  On March 25, 2011, pursuant to a plea agreement, defendant was sentenced to a total of 180 months imprisonment.  On October 18, 2011, defendant filed a motion asking that the court vacate his convictions and sentences.

Defendant asserts his motion is brought pursuant to 28 U.S.C. § 2241.  However, because defendant is a federal prisoner challenging his conviction, his motion must be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2255.  See Porter v. Adams, 244 F.3d 1006 (9th Cir. 2001).

Defendant asserts that changes in federal law occurring after he pled guilty require reversal of his convictions and sentence.  Apparently, the change to which defendant refers is the

1

enactment of the "Fair Sentencing Act" which took effect August 3, 2010.  However, defendant fails to specifically explain how it is that any term of the "Fair Sentencing Act" applies to his convictions and sentence even if full retroactive effect were given to its provisions.[1]  Accordingly, defendant has not shown that he is entitled to habeas relief.

In any case, as part of his plea agreement, defendant waived his right to challenge his convictions and sentence via a collateral attack such as a petition for writ of habeas corpus under 28 U.S.C. § 2255.  ECF No. 52-3 at 7; No. 53 at 2.  The Ninth Circuit Court of Appeals has found that a waiver of the right to file a § 2255 petition made pursuant to plea negotiations is generally enforceable except with respect to claims that the waiver or plea were entered involuntarily or unintelligently.  See Washington v. Lambert, 422 F.3d 864, 870-71 (9th Cir. 2005).  Defendant makes no claim here that he did not understand the terms of his plea agreement, including the fact that he would be giving up his right to collaterally challenge his convictions and sentence, nor does he assert that his agreement to plead guilty was somehow involuntary.  Accordingly, defendant's waiver of his right to collaterally challenge his convictions and sentence should be enforced and his petition for writ of habeas corpus under 28 U.S.C. § 2255 be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that defendant's petition for a writ of habeas corpus under 28 U.S.C. § 2255 (ECF No. 41) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections defendant may address whether a certificate of appealability should issue in the event he files an appeal of

---

[1] One of the significant changes in the "Fair Sentencing Act" was to increase from 5 to 28 grams the amount cocaine base possessed needed to trigger imposition of a mandatory minimum five-year prison sentence.  Dorsey v. U.S., 132 S. Ct. 2321, 2323 (2012).  In the factual basis for defendant's plea, which was stipulated to by defendant, he admitted that he possessed 29.1 grams of cocaine base.  ECF No. 52-3.  Therefore, the raising of the amount of cocaine base needed for imposition of the 5-year mandatory minimum does not result in defendant being ineligible for the mandatory minimum.

the judgment in this case. See 28 U.S.C. § 2253.  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 7, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rank0258.257

3